IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MATTHEW CURTIS MCNATT,           )
                                 )
          Plaintiff,             )
                                 )
     v.                          )          CV 119-139
                                 )
MAJOR JOHN H. BUSH; CAPTAIN      )
CASSANDRA HAYNES; MAJOR CHESTER  )
V. HUFFMAN; SERGEANT WILLIAMS;   )
BURKE COUNTY SHERIFF'S           )
DEPARTMENT; and JAIL             )
ADMINISTRATORS,                  )
                                 )
          Defendants.            )

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Plaintiff, a pretrial detainee at Laurens County Jail in Dublin, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events allegedly occurring at Burke County Jail ("BCJ") in Waynesboro, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.    SCREENING OF THE COMPLAINT

### A.    BACKGROUND

Plaintiff names as Defendants: (1) Major John H. Bush; (2) Captain Cassandra Haynes; (3) Major Chester V. Huffman; (4) Sergeant Williams; (5) Burke County Sheriff's Department;

and (6) Jail Administrators. (Doc. no. 1, pp. 1-2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On an unknown date, whiled detained at BCJ, an officer called for Plaintiff, and Plaintiff went to the front of BCJ to talk with that officer. (Doc. no 1-3, p. 1.) Plaintiff believed he was being called because his attorney came to talk about Plaintiff's court appearance the following day. (Id.) However, Plaintiff was being transferred to Jefferson County Jail ("JCJ") in Louisville, Georgia. (Id.) Plaintiff did not learn he was being transferred until after being escorted to the front of BCJ and talking with the shift sergeant. (Id.) Officers then placed Plaintiff in a holding cell. (Id.)

Plaintiff begged the shift sergeant to return to his cell and get his stuff, which included legal mail, personal items, money, and other confidential information. (Id.) These materials were important to Plaintiff because it included information about Plaintiff working with the government on drug deals and figuring out who were gang members. (Id.) However, the shift sergeant refused to allow Plaintiff to return to his cell, and Plaintiff was transferred to JCJ. (Id.)

A couple of days after being transferred to JCJ, Plaintiff's cousin called Plaintiff and told him another detainee found Plaintiff's letters to the government and his personal belongings, such as his bank account pin number and $170. (Id.) This inmate told Plaintiff's cousin he let everyone at BCJ know about Plaintiff's involvement with the government. (Id.) Gang members thanked the inmate who stole Plaintiff's belonging, stating they would kill Plaintiff. (Id.) Plaintiff alleges this should not have happened and is exactly why he asked the shift sergeant to return to his cell. (Id.)

Around a month after the call from his cousin, Brad Mitchell went to Plaintiff's mother's home and told her he was just released from BCJ. (<u>Id.</u> at 1-2.) Mr. Mitchell went on to say someone named Dale Sherman had Plaintiff's pin number and showed everybody the messages Plaintiff was relaying to the government, his lawyer, and the probation office. (<u>Id.</u> at 2.) Mr. Mitchell also stated Mr. Sherman and other detainees wanted to kill Plaintiff. (<u>Id.</u>) Plaintiff alleges BCJ's handling of his materials was improper and violated his Fourth and Fourteenth Amendment rights and article seven of the universal declaration of human rights. (<u>Id.</u>) By not handling his materials properly, BCJ has placed Plaintiff and his family in danger. (<u>Id.</u>)

Plaintiff's mother spoke with Captain Haynes, Major Bush, Major Huffman, and others. (<u>Id.</u>) Plaintiff alleges they mailed $170 by way of check, but Plaintiff has not received it. (<u>Id.</u>) While talking to Plaintiff's mother over the phone, Major Bush laughed at her, and Major Huffman stated he could not help. (<u>Id.</u>) Plaintiff's only alleged injuries are mental stress. (Doc. no. 1, p. 5.) For relief, Plaintiff requests $300,000 to move his family, placement in witness protection, his name changed, and Burke County Sheriff's Department to pay for his court costs. (<u>Id.</u>)

## B.     DISCUSSION

### 1.     Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by

the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Burke County Sherriff's Department

Burke County Sherriff's Department is not a proper party because sheriff's departments are not legal entities capable of being sued. See Herrington v. Effingham Cty. Sheriff's Office, CV 411-099, 2011 WL 2550464, at *1 (S.D. Ga. April 21, 2011) (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir.1992)) ("However, [Plaintiff] cannot sue the sheriff's department because it is not capable of being sued."); Smith v. Dekalb Cty. Sheriff's Office, Civil Action No. 1:09-CV-2820-TWT, 2010 WL 308984, at *2 (N.D. Ga. Jan. 22, 2010) (same). Further, appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted).

### 3. Plaintiff fails to State a Claim Against Major Bush, Major Haynes, Major Huffman, Sergeant Williams, and Jail Administrators

The Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). As to Defendant Jail Administrators, Plaintiff fails to describe who these individuals are or how they are connected to any constitutional violation. In fact, Plaintiff only includes them as a part of the caption.

Also, Plaintiff fails to allege any connection between Major Bush, Major Haynes, Major Huffman, and Sergeant Williams and any purported constitutional violations. (Doc. no. 1.) At most, Plaintiff alleges Major Bush, Major Haynes, Major Huffman, and Sergeant Williams did not help retrieve Plaintiff's belonging when his mother called a month after Plaintiff was transferred to JCJ. (Doc. no. 1-3, pp. 1-2.) Plaintiff does not allege any involvement of these Defendants in the decision to transfer Plaintiff without allowing him to gather his belongings. Therefore, Plaintiff fails to state a claim against Major Bush, Major Haynes, Major Huffman, Sergeant Williams, and Jail Administrators.

### 4. Plaintiff Fails to State a Valid Claim against any Defendant for the Loss of His Personal Property

Plaintiff alleges his property was searched and personal papers with sensitive information was lost. (Doc. no. 1-3, pp. 1-2.) First, as stated in § I.B.3, <u>supra</u>, Plaintiff fails to connect any Defendant to the loss of his property, and therefore, fails to state a claim against any Defendant. Second, the Fourteenth Amendment does not protect against all deprivations of property, only against deprivations that occur "without due process of law." <u>Parratt v. Taylor</u>, 451 U.S. 527, 537 (1981), *overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986). Georgia has created a civil cause of action for the wrongful deprivation of personal property. O.C.G.A. § 51-10-1. This statutory provision covers the unauthorized deprivation of an inmate's property by prison officials. <u>Grant v. Newsome</u>, 411 S.E.2d 796, 799 (Ga. App. 1991). The statutory cause of action constitutes an adequate post-deprivation remedy under <u>Parratt</u>. <u>See</u> <u>Byrd v. Stewart</u>, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Thus,

Plaintiff has an adequate remedy at State law, and he fails to state a valid § 1983 claim against any Defendant for the loss of any personal property.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of November, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA