IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MATTHEW CURTIS MCNATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-139 |
| | ) | |
| MAJOR JOHN H. BUSH; CAPTAIN | ) | |
| CASSANDRA HAYNES; MAJOR CHESTER | ) | |
| V. HUFFMAN; SERGEANT WILLIAMS; | ) | |
| BURKE COUNTY SHERIFF'S | ) | |
| DEPARTMENT; JAIL ADMINISTRATORS; | ) | |
| BURKE COUNTY JAIL | ) | |
| ADMINISTRATORS; and BURKE COUNTY | ) | |
| JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

On March 16, 2020, Plaintiff filed a motion to seal the entire case, arguing the complaint and other filings include sensitive information that could be harmful to the safety of Plaintiff and his family. (Doc. no. 26.) Under Local Rule 79.7(d), "part[ies] seeking to have any matter placed under seal must rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that interest." As the Local Rules reflect, the filing of documents under seal is generally disfavored, because "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is

instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotations and citations omitted). "The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Id. (citing Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001) (*per curiam*)).

"[A] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Id. However, the parties' desire to seal court documents "'is immaterial' to the public right of access." Id. at 1247 (quoting Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992)). In the absence of a third party challenging the protection of information, the Court serves as "the primary representative of the public interest in the judicial process," and must "review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

For good cause shown, the Court finds there is a compelling reason overcoming the public right of access and **GRANTS IN PART** Plaintiff's motion, thereby permitting the sealing of all original docket filings that contain the concerning information with only redacted versions available to the public. (Doc. no. 26.) Accordingly, for docket entries 1, 10, 13, 15, 20, 22, the Court **DIRECTS** the clerk to seal the original filings and file as

attachments to those docket entries the redacted versions approved by the Court.

SO ORDERED this 2nd day of April, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA